STATE *v.* SAMUEL McMILLAN and others.

It is no error in the Court below, on a trial of a defendant for larceny, "as upon a plea of not guilty," and after a verdict of guilty, to amend the record by inserting the plea of "not guilty."

In an indictment for larceny, the property stolen was charged as "the goods and chattels of S. L. Williams," and it appeared on the trial that it belonged to Samuel L. Williams: *Held,* That if the objection had been taken on the trial, it would have been a question for the jury, whether S. L. and Samuel L. were one and the same person: *Held further,* That the defendants were concluded by the verdict, which found them "guilty as charged in the indictment."

(*State* v. *Roberts,* 2 Dev. & Bat. 540, cited and approved.)

INDICTMENT for larceny, tried before *Buxton, J.,* at Fall Term, 1872, of the Superior Court of *Richmond* county.

It was charged in the indictment that the property stolen were "the goods and chattels of one S. L. Williams."   The jury returned a verdict of guilty.   The defendants moved for a new trial, for the reason, "that the plea of 'not guilty,' was not put in and entered of record.   His Honor refused

the motion, because the case was submitted to the jury as upon the plea of "not guilty," and through inadvertence, no plea was entered of record, and directed then the record be amended by the insertion in the proper place of the plea.

Defendants then moved in arrest of judgment on the ground that the name of the prosecutor from whom the goods were stolen is charged in the indictment as "S. L. Williams," whereas it appears upon the trial that his name was "Samuel L. Williams. Motion overruled. Judgment, and appeal.

No counsel for defendant in this Court.
*Attorney General Hargrove*, for the State.

READE, J. 1. The first motion on the part of the defendant was, for a new trial, on the ground that the plea of not guilty was not entered of record. His Honor refused the motion for the reason that the neglect to enter the plea was a mere inadvertence; the case having been put to the ju y and tried "as upon a plea of not guilty," and therefore, his Honor directed the plea to be entered of record, so as to make the record speak the truth.

If the plea had been entered before trial, it is not pretended that upon this part of the case the defendant would have any cause to complain. But the point which he makes is, that the Court had not the power to have the plea entered after trial and verdict. There is no doubt that his Honor had the power to have the plea entered. For this, the *State* v. *Roberts*, 2 Dev. & Bat. 540, is express authority, and other authorities are abundant.

2. The second motion for the defendant was in arrest of judgment, for the reason that the indictment charged the articles stolen, as the property of S. L. Williams; whereas, it appeared upon the trial that the owner's name was Samuel L. Williams.

If this objection had been taken on the trial, it would have been a question for the jury whether S. L. Williams and Samuel L. Williams were different persons. If they were, and the property was Samuel's, then the jury ought to have acquitted the defendant. But if they were one and the same person, and he was known by one name as well as the other, and especially if he was generally called S. L. Williams, then the jury ought to have convicted; for, although it is best to give the name in full, yet a defendant may be described by his initials, if he is usually known by them; and so may the person injured, or the owner of property be described.

But if that were not so, still the defendant's motion in arrest of judgment cannot avail him, because the verdict concludes him. Let it be true that the defendant upon the trial offered evidence, which, in his opinion, was sufficient to prove that the owner's name was Samuel L. Williams, and a different person from S. L. Williams, still he is concluded by the verdict, which finds it to have been the property of S. L. Williams, as charged in the indictment. A motion in arrest of judgment is for errors upon the face of the record. And here there are none.

There is no error.

This will be certified.

PER CURIAM.                    Judgment affirmed.